## I. MAGNIN & CO. *v.* UNITED STATES

**No. 8023.**—Entered at New York, N. Y.
Entry No. 796910.

(Decided July 9, 1951)

*Siegel, Mandell & Davidson (Sidney Mandell* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto that the instant appeal to reappraisement covers raffia sandals, shoes, and similar merchandise exported from Italy, manufactured by Ditta Magelli Adolfo.

That on or about the date of exportation of the merchandise such or similar merchandise was freely offered for sale to all purchasers in the principal market of Italy in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States including the cost of all containers and coverings of whatever nature and all of the costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States at the entered values of the merchandise herein, less the amount added under duress.

That the foreign market value of such merchandise, as such value is defined in Section 402 (c) of the Tariff Act of 1930, was no higher.

IT IS FURTHER STIPULATED AND AGREED that the instant appeal to reappraisement be submitted on this stipulation.

IT IS FURTHER STIPULATED AND AGREED that this stipulation is limited to sandals or shoes which appear on the invoices under item #914 in cases 12, 13 and 14, incl., manufactured by Ditta Magelli Adolfo, and is abandoned in all other respects.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the sandals or shoes identified on the invoices under item No. 914 in cases 12, 13, and 14, inclusive, manufactured by Ditta Magelli Adolfo, and that such values are the entered values, less the amount added under duress.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.